UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| LARRY LEEDY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 06-65-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Larry Leedy ("Leedy") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9 and 10] Through this action, Leedy seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to Supplement Security Income ("SSI") payments. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Leedy.

**I.    BACKGROUND**

Leedy filed an application for SSI on March 18, 2003. The claim was denied initially and upon reconsideration. Thereafter, Leedy requested a hearing before an Administrative Law Judge ("ALJ"). On May 9, 2005, a hearing was conducted before ALJ Andrew J. Chwalibog. During the hearing, the ALJ heard testimony from Leedy and Dr. Dean Owen, a vocational

expert ("VE"). Following this hearing, the ALJ issued a decision denying benefits to Leedy. [Transcript ("Tr."), pp. 14-22] The ALJ concluded that Leedy retained the residual functional capacity to perform a significant range of medium work. [Tr., p. 21] Leedy's request for review was denied by the Appeals Council on February 3, 2006. [Tr., pp. 3-5]

At the time of the hearing, Leedy was a 49 year-old individual with a sixth grade education. [Tr., p. 15] He has past work experience as a timber cutter. [Tr., p. 15] Leedy alleges a disability beginning July 1, 2001, due to limited education, allergies to medicine, left knee, left leg, lower back injury, disc disease and arthritis. After carefully reviewing the medical evidence of record and testimony at the hearing from the Claimant and the VE, the ALJ found that Leedy had the residual functional capacity to perform a significant range of medium work. Specifically, the ALJ found that Leedy had the following residual functional capacity:

> lift/carry 50 pounds occasionally and 25 pounds frequently with no prolonged walking (over one hour at a time) or walking on uneven surfaces. Non-exertionally, he may only occasionally stoop and crawl. He should avoid work in excessive dust and fumes. Secondary to the claimant's reading skill at the eighth grade level, he is limited to more simple routine work without significant public contact.

[Tr., p. 21] Based on these findings, the ALJ concluded that Leedy was not disabled as defined in the Social Security Act and regulations. [Tr., p. 21]

## II.     LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability

application. 20 C.F.R. § 416.920(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone

of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the

job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.   DISCUSSION

Leedy raises one claim in this action. He argues that the ALJ failed to take into consideration the lay witness testimony of a non-medical source, pursuant to 20 C.F.R. § 416.913(d)(4). Specifically, Leedy notes that, the ALJ's decision failed to indicate whether he considered the third party function report which contained statements of Leedy's friend in which she offered her opinions as to Leedy's disabled status.

The Commissioner asserts that, although the ALJ did not address the statements of Leedy's friend in his decision, he did not err in failing to specifically articulate the weight he attached to her statements. The Commissioner notes that the ALJ need not discuss every piece of evidence in order for the decision to be supported by substantial evidence in the record. The Commissioner further asserts that the statements made by Leedy's friend in her function report are cumulative of evidence Leedy provided in his reports and testimony. Therefore, they are of limited value.

In *Higgs v. Bowen*, 880 F.2d 860 (6th Cir. 1988), the Sixth Circuit held that the Appeals Council did not err by failing to "spell out' in its opinion the weight it attached to lay witness testimony where the Appeals Council stated in its opinion stated that it "considered the entire

record which was before administrative law judge, including the testimony at the hearing." Here, the ALJ stated in his decision that "[a]fter careful consideration of the entire record," he could not concluded that Leedy was disabled. [Tr., p. 20] While Leedy acknowledges the *Higgs* decision, he asserts that it is not dispositive of the issue, inasmuch as the regulations have since been modified "to include a clearer statement about the consideration of evidence from sources other than 'acceptable medical sources.'" [Record No. 9, p. 4] In response, the Commissioner asserts that even though *Higgs* was decided prior to the clarification of the regulations in 2000, it remains good law.

The regulations provide, in relevant part, that "[i]n addition to evidence from the acceptable medical sources . . . [the SSA] *may* also use evidence from other sources to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work . . . ." *See* 20 C.F.R. 416. 913(d) (emphasis added).[1] The language of the regulations is permissive. Thus, an ALJ is not required to consider lay witness or other non-medical sources to determine a claimant's capacity to work.

In *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983), the Sixth Circuit held that "[p]erceptible weight must be given to lay testimony where . . . it is fully supported by the reports of the treating physicians." Leedy's friend stated that the Claimant "can't walk his leg goes out, he can't lift it [p]ulls his [b]ack. All of the above hurt back and legs." [Tr., p. 99] Additionally, Leedy's friend indicated that the Clamant could only

---

[1] Although the SSA clarified the regulations in 2000, the agency did not amend the regulations to provide that ALJs were required to consider and discuss a non-medical sources' opinion when it is contrary to, or inconsistent with, the medical evidence of record.

walk "500 feet" before he needed to rest. [Tr., p. 99]  These statements are not supported by the objective medical evidence of record.  Thus, the ALJ was not required to specifically address the statements made by Leedy's friend.

> **IV.     CONCLUSION**

After reviewing the briefs submitted by the parties and the record before the ALJ, the Court finds that the ALJ's opinion was supported by substantial evidence.  Accordingly, it is hereby

> **ORDERED** as follows:

> 1.     Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

> 2.     The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

> 3.     The administrative decision will be **AFFIRMED** by separate judgment entered this date.

> This 17th day of October, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge